UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE RAINES,<br><br>    Petitioner,<br><br>        v.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | NO. CV 08-1447-AG (AGR)<br><br>ORDER TO SHOW CAUSE |

On February 29, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before **April 9, 2008**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

## I.

## PROCEDURAL BACKGROUND

Petitioner was convicted on December 7, 1994, of burglary. (Petition at 2.) His sentence under California's Three Strikes Law was 25 years to life. (*Id.*) The California Court of Appeal modified the sentence to 35 years to life but otherwise

affirmed the judgment on March 11, 1996. (*Id.* at 2-3.) The California Supreme Court denied review without explanation on May 22, 1996. *People v. Raines*, 1996 Cal. LEXIS 2790.

Petitioner states that he filed a state habeas petition, but he does not know or remember when or in what court. (Petition at 4.) He does attach a California Supreme Court document filed on January 16, 2008, denying his state habeas petition with citations to *In re Clark*, 5 Cal. 4th 750 (1993) and *In re Robbins*, 18 Cal. 4th 770, 780. (Petition, Ex. A.) According to the California Supreme Court's docket on their website, the petition in that matter was filed on August 6, 2007.

Petitioner raised the following two grounds in the instant petition: (1) breach of plea agreements and (2) ineffective assistance of counsel. (Petition at 5, 5-A - 5-I.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.     The Date on Which Conviction Became Final**

Petitioner was convicted on December 7, 1994. (Petition at 2.) The California Supreme Court denied review on May 22, 1996. *Raines*, 1996 Cal. LEXIS 2790. Therefore, Petitioner's conviction became final 90 days later on August 20, 1996. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

2

Pursuant to 28 U.S.C. § 2244(d)(1)(A), absent tolling, the statute of limitations expired on August 20, 1997.

Thus, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's state habeas petition was not filed until August 6, 2007, almost 10 years after the statute of limitations expired. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before the expiration of the one-year statute of limitations, the limitations period was not statutorily tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[1]

### B. Discovery of the Factual Predicate of the Claim

#### 1. Breach of the Plea Agreements

In Ground One, Petitioner alleges that California violated two previous plea agreements (in 1986 and 1988) by his 1994 sentence. Petitioner contends that the previous plea agreements could not be used against him in a future conviction except to enhance his sentence by no more than 5 years. (Petition at 5-B.) Instead, he received a potential life sentence.

In the context of an alleged breach of a plea agreement, the one-year period begins running on the date the inmate claims the State breached the plea agreement. *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (statute of limitations begins to run on date petitioner claimed State breached

---

[1] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

3

plea agreement); *Daniels v. Kane*, 2006 WL 1305209, *1 (N.D. Cal. 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred"). Thus, the applicable statutory provision for the alleged breach is § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner knew or should have known of the breach as of the date of his sentencing, December 7, 1994. (Petition at 2.) Because December 7, 1994, occurred before the AEDPA was enacted, Petitioner had until April 24, 1997, to file a federal habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Thus, the expiration date in this scenario is earlier than using § 2244(d)(1)(A) and does not assist Petitioner.

### 2. Ineffective Assistance

Ground Two of the petition alleges ineffective assistance of counsel for not raising the issue of the alleged breaches in 1994. (Petition at 5-C.) In the context of an ineffective assistance claim, the statute also starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice (whichever is later). *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Here, the date on which Petitioner knew or through diligence could have discovered the factual predicate of his claim in Ground One was, like the alleged

4

breach of the plea agreements, at the time of his sentencing on December 7, 1994, which was before the date Petitioner's conviction became final and, therefore, does not aid Petitioner. The statute of limitations would have expired on April 24, 1997, again because December 7, 1994, occurred before the enactment of the AEDPA.

Thus, absent tolling, the Petition is still time-barred under 28 U.S.C. § 2244(d)(1)(D). The Court has already determined that Petitioner is not entitled to statutory tolling, and the petition does not provide a basis for equitable tolling.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **April 9, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: March 10, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge