FILED
CLERK, U.S. DISTRICT COURT
JUN - 5 2008
CENTRAL DISTRICT OF CALIFORNIA
BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER DALE RAINES, Petitioner, v. KEN CLARK, Warden, Respondent. | No. CV 08-1447-AG (AGR) ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered dismissing this action with prejudice.

DATED: May 31, 2008

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE RAINES,<br>Petitioner,<br>v.<br>KEN CLARK, Warden,<br>Respondent. | NO. CV 08-1447-AG (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Andrew J. Guilford, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied.

///

///

///

///

///

///

I.

## SUMMARY OF PROCEEDINGS

Petitioner was convicted on December 7, 1994, of burglary. (Petition at 2.) His sentence under California's Three Strikes Law was 25 years to life. (*Id.*) The California Court of Appeal modified the sentence to 35 years to life but otherwise affirmed the judgment on March 11, 1996. (*Id.* at 2-3.) The California Supreme Court denied review without explanation on May 22, 1996. *People v. Raines*, 1996 Cal. LEXIS 2790.

Petitioner states he filed a state habeas petition but does not know or remember when or in what court. (Petition at 4.) He does attach a document filed in the California Supreme Court on January 16, 2008, denying his state habeas petition with citations to *In re Clark*, 5 Cal. 4th 750 (1993) and *In re Robbins*, 18 Cal. 4th 770, 780.[1] (Petition, Ex. A.) According to the California Supreme Court's website, the petition in that matter was filed on August 6, 2007.

Petitioner filed a petition for habeas corpus here on February 29, 2008, in which he raised two grounds: (1) breach of plea agreements and (2) ineffective assistance of counsel. (Petition at 5, 5-A - 5-I.) On March 7, 2008, the Court issued an order to show cause ordering Petitioner to explain why the petition is not time-barred. On April 3, 2008, Petitioner filed a response ("Response").

This matter was taken under submission and is now ready for decision.

II.

## DISCUSSION

### A.  Statute of Limitations

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA

///

---

[1] A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007).

in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A), or on one of the dates set in § 2244(d)(1)(B)-(D), whichever is latest.

### 1.   The Date on Which Conviction Became Final

Petitioner was convicted on December 7, 1994. (Petition at 2.) The California Supreme Court denied review on May 22, 1996. *Raines*, 1996 Cal. LEXIS 2790. Therefore, Petitioner's conviction became final 90 days later on August 20, 1996. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Pursuant to 28 U.S.C. § 2244(d)(1)(A), absent tolling, the statute of limitations expired on August 20, 1997.

Thus, absent tolling, the petition is time-barred. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's state habeas petition was not filed until August 6, 2007, almost 10 years after the statute of limitations expired. A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before the expiration

///
///
///
///

of the one-year statute of limitations, the limitations period was not statutorily tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[2]

### 2. Discovery of the Factual Predicate of the Claim

#### a. Breach of the plea agreements

In Ground One, Petitioner alleges California violated two previous plea agreements (in 1986 and 1988) by his 1994 sentence. Petitioner contends that the previous plea agreements could not be used against him in a future conviction except to enhance his sentence by no more than 5 years. (Petition at 5-B.) Instead, he was sentenced under the Three Strikes Law.

In the context of an alleged breach of a plea agreement, the one-year period begins running on the date the inmate claims the State breached the plea agreement. *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (statute of limitations begins to run on date petitioner claimed State breached plea agreement); *Daniels v. Kane*, 2006 WL 1305209, *1 (N.D. Cal. 2006) (statute of limitations begins to run on "the date a petitioner knew or should have known that a breach occurred"). Thus, the applicable statutory provision for the alleged breach is § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner knew or should have known of the breach as of the date of his sentencing, December 7, 1994. (Petition at 2.) Because December 7, 1994, occurred before the AEDPA was enacted, Petitioner had until April 24, 1997, to file a federal habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). Thus, the expiration date in this scenario is earlier than using § 2244(d)(1)(A) and does not assist Petitioner.

---

[2] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

### b. Ineffective assistance

In Ground Two, Petitioner alleges ineffective assistance of counsel for not raising the issue of the alleged breaches in 1994. (Petition at 5-C.) In the context of an ineffective assistance claim, the statute also starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice (whichever is later). *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Here, the date on which Petitioner knew or through diligence could have discovered the factual predicate of his claim in Ground One was, like the alleged breach of the plea agreements, at the time of his sentencing on December 7, 1994, which was before the date Petitioner's conviction became final and, therefore, does not aid Petitioner. Again, the statute of limitations would have expired on April 24, 1997, because December 7, 1994, occurred before the enactment of the AEDPA.

Thus, absent equitable tolling, the petition is still time-barred under 28 U.S.C. § 2244(d)(1)(D).

### B. Equitable Tolling

Petitioner concedes his petition is untimely. (Response at 1.) However, he argues he is entitled to tolling[3] because he "is factually innocent of the sentence

---

[3] The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence*, 127 S. Ct. at 1085.

he received."[4] (Response at 2.) In other words, he is "technically innocent" because he was "legally ineligible for the sentence he received." (*Id.*)

The Ninth Circuit has not yet decided whether actual innocence provides a basis for equitable tolling or a free-standing exception to AEDPA's statute of limitations. *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) ("the question to be answered is whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court") (footnote omitted).

Even assuming actual innocence could provide relief under some theory, Petitioner does not meet the "stringent showing" required by actual innocence. The actual innocence standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (citations omitted). Petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 536-37 (citation omitted). To do so, Petitioner must present "'new reliable evidence'" not presented at trial. *Id.* at 537. Based on all of the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 537 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Petitioner's claim of "innocence" is nothing more than a restatement of his grounds that his sentence was unlawful, not that he was factually innocent of the

---

[4] To the extent Petitioner is also arguing he is entitled to tolling because he "is an uneducated, indigent inmate, wholly ignorant concerning all matters legal" (Response at 2), such arguments have no merit. See *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar).

crime. *See Bousley v. United States*, 523 U.S. 614, 623-24, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (In the context of a procedural bar, "'actual innocence' means factual innocence, not mere legal insufficiency") (citation omitted). Accordingly, his petition is time-barred.

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing this action with prejudice.

DATED: April 14, 2008

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.